## UNITED STATES DISTRIC COURT
## FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| MICHELLE R. LINDSAY on Behalf of Herself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>WELLS FARGO ADVISORS LLC, and DOES 1 through 10,<br><br>    Serve: CSC-Lawyers<br>             Incorporating Service Co.,<br>             221 Bolivar Street<br>             Jefferson City, MO 65101<br><br>          Defendants. | Case No._____<br><br>**COMPLAINT FOR VIOLATION OF THE FAIR LABOR STANDARDS ACT**<br><br>**DEMAND FOR JURY TRIAL** |

### COMPLAINT

Plaintiff Michelle R. Lindsay, ("Plaintiff") by and through her attorneys, brings this collective action against Defendant Wells Fargo Advisors, LLC ("Wells Fargo Advisors" or "Defendant"), on her own behalf and on behalf of all others similarly situated for violations of the Fair Labor Standards Act under §216(b) as follows:

### OVERVIEW

1.      Wells Fargo Advisors offers nationwide financial advisory, brokerage, asset management and other financial services. Between June, 2008, and April, 2010, Plaintiff was employed by Wells Fargo Advisors as a Client Associate. Plaintiff, on behalf of herself and all similarly situated Client Associates, brings this action against Defendant for unpaid straight time and overtime compensation, and related penalties and damages.

2.      Client Associates assist financial advisors with client relations, filings and required paperwork. They engage in numerous preparatory activities, as well as other related work activities at the end of their work day, that are integral and indispensable for them to perform their Client Associate duties. Client Associates are required by Defendant's

management to report an 8 hour day on their time cards, even though they regularly work beyond 8 hours a day.   In fact, Client Associates continue to work on Defendant's own computer network on a regular basis more than 8 hours a day even though management requires them to fraudulently falsify their time cards and state that they only worked 8 hours, in order to avoid paying statutorily required overtime.  Plaintiff and all similarly situated employees are entitled to compensation, including overtime pay, for all work hours required, suffered and/or permitted by Wells Fargo.

3.     It is Defendant's practice and policy to willfully fail and refuse to properly pay all straight time and overtime compensation due and owing to its Client Associates, in direct violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.*  Defendant's pay practice and policies are in direct violation of the FLSA.  Accordingly, Plaintiff, on behalf of herself and all others similarly situated, seeks declaratory relief; unpaid straight time compensation; overtime premiums for all overtime work required, suffered, or permitted by Defendant; compensation for wages wrongfully withheld or deducted; liquidated and/or other damages as permitted by applicable law; and attorneys' fees, costs, and expenses incurred in this action.

## PARTIES

4.     Plaintiff is a competent adult and resident of Dallas, Texas.

5.     Plaintiff was employed by Defendant as a non-exempt Client Associate between her date of hire on or around June 2, 2008, until her separation from employment on or around April 10, 2010.  Plaintiff was often required to work more than 8 hours in a day and/or overtime, and was never compensated for such time.

6.     Defendant Wells Fargo Advisors is a non-bank affiliate of Wells Fargo & Co., with its principal place of business at 1 North Jefferson Street, St. Louis, Missouri.  Wells Fargo Advisors offers financial advisory, brokerage, asset management and other financial services.

7.      At all relevant times, Defendant was the employer of Plaintiff and all other similarly situated employees, has exercised direct and indirect control over wages, hours and working conditions, and is thus liable to Plaintiff, and all others similarly situated, as an employer, joint employer, single employer and/or otherwise according to statutory and common law.

8.      DOES 1 through 10, inclusive, are fictitious names of defendants whose true names and capacities, whether individual, corporate, associate, or otherwise, are at present unknown to Plaintiff.   When Plaintiff determines the true names and capacities of said defendants, Plaintiff will ask leave of Court to amend this complaint to insert the true names and capacities.

9.      Plaintiff is informed and believes, and on that basis alleges, that each of the fictitiously named defendants was in some manner legally responsible for the actionable and unlawful actions, policies and practices as alleged herein.  Plaintiff will amend this Complaint to set forth the true names and capacities of said Defendants, along with the appropriate charging allegations, when the same have been ascertained.

10.      Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein, all Defendants, and each of them, were acting as the agent and/or employee of each remaining co-defendant, and were acting with permission and consent of each other, and within the course and scope of said agency and/or employment.  Plaintiff is further informed and believes that each co-defendant, by and through its officers, directors or managing agents, ratified, authorized and approved, expressly or implicitly, all of the conduct alleged herein.

11.      When in this Complaint reference is made to any act of the "Defendant," such shall be deemed to mean that officers, directors, agents, employees, or representatives of the Defendant named in this lawsuit committed or authorized such acts, or failed and omitted to adequately supervise or properly control or direct their employees while engaged in the

management, direction, operation or control of the affairs of the Defendant and did so while acting within the scope of their employment or agency.

## JURISDICTION AND VENUE

12.     Plaintiff realleges by reference, as if fully set forth herein, all of the above paragraphs.

13.     This Court has original federal question jurisdiction under 28 U.S.C. §1311 for the claims brought under the FLSA, 29 U.S.C. §201, *et seq.*

14.     The United States District Court for the Eastern District of Missouri has jurisdiction over Defendant pursuant to 28 U.S.C. § 1291(b), inasmuch as Defendant Wells Fargo Advisors maintains it principal place of business in St. Louis, Missouri, is authorized to do business in the State of Missouri and is registered with the Missouri Secretary of State to do sufficient business with sufficient minimum contacts in Missouri, and/or otherwise intentionally avails itself of the Missouri market through the operation of financial advisory, brokerage, asset management and other financial services under the name Wells Fargo Advisors, LLC within the State of Missouri.

15.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), because the Defendant named in this Action resides, transacts business, or is found within this District. Plaintiff's claims arise out of her employment with Defendant.  Defendant's principal place of business is within the City of St. Louis, State of Missouri.

## GENERAL COLLECTIVE ACTION ALLEGATIONS

16.     Plaintiff realleges by reference, as if fully set forth herein, all of the above paragraphs.

17.     This Complaint may be brought and maintained as an "opt-in" collective action pursuant to Section 16 of the FLSA, 29 U.S.C. §216(b), in that the claims of Plaintiff are similar to the claims of the  proposed members of the FLSA representative action.

18.     Proposed members of the FLSA representative action are those current and former Client Associates working in Wells Fargo Advisors' offices as an unlicensed employee, who suffered or were permitted to work by Defendant while not being paid straight time and overtime compensation for all hours worked.

19.     At all relevant times, Defendant has had a policy and practice of failing and refusing to compensate its Client Associates straight time for all hours worked and overtime compensation for all hours worked in excess of forty hours per week.

20.     Plaintiff and all proposed members of the FLSA representative action were subject to Defendant's policies and practices of failing and refusing to compensate employees their regular or statutorily required rate of pay for all hours worked.  Common questions of law and fact predominate in this action because the claims of Plaintiff, and all others similarly situated, are based on whether Defendant's policy and practice of failing and refusing to compensate its Client Associates for straight time and overtime pay for all hours worked violates the FLSA.

21.     Plaintiff will adequately represent the interests of the proposed members of the FLSA representative action because she is similarly situated to the proposed members of the FLSA representative action and her claims are typical of, and concurrent to, the claims of the other proposed members of the FLSA representative action

22.     There are no known conflicts of interest between the Plaintiff and the other proposed members of the FLSA representative action. Plaintiff's counsel is qualified, experienced and able to litigate the claims of the proposed members of the FLSA representative action.  Plaintiff's counsel concentrates their practices on class actions, employment litigation and collective action litigation, including collective actions arising under federal and state wage and hour laws.

23.     The collective action mechanism is superior to any alternatives that might exist for the fair and efficient adjudication of this cause of action.

24.     Proceeding as a collective action would permit the potentially large number of injured parties to prosecute their common claims in a single forum simultaneously, efficiently and without unnecessary duplication of evidence, effort and judicial resources.

25.     A collective action is the only practical way to avoid the potentially inconsistent results that numerous individual trials are likely to generate.

26.     Collective action treatment is the only realistic means by which Plaintiff can effectively litigate against a large, well-represented entity such as Defendant.

27.     Numerous repetitive individual actions would also place an enormous burden on the courts as they would be forced to take duplicative evidence and decide the same issues relating to Defendant's conduct repeatedly.

28.     Individual joinder of all proposed members of the FLSA representative action is not practicable, and questions of law and fact common to all proposed members of the FLSA representative action predominate over any questions affecting only individual members of the proposed members of the FLSA representative action

29.     Each proposed member of the FLSA representative action has been damaged and is entitled to recovery by reason of Defendant's illegal policies and/or practices of failing to compensate employees for their regular or statutorily required rate of pay for all hours worked.

30.     Collective action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

31.     Plaintiff, on behalf of herself and all others similarly situated, sets forth additional collective action allegations in the various counts set forth here.

## COUNT I

### Fair Labor Standards Act

32.     Plaintiff realleges by reference, as if fully set forth herein, all of the above paragraphs.

33.     Plaintiff was employed by Defendant between approximately June 2008 and April 2010.   During this time, Plaintiff performed work for Defendant in the position of Client Associate.

34.     Prior to and during Plaintiff's employment with Defendant, Defendant employed numerous other individuals who had the same job duties and compensation structure as Plaintiff.

35.     Plaintiff brings this Complaint as a collective action pursuant to Section 16(b) of the FLSA, 29, U.S.C. §216(b), on behalf of all persons who were, are, or will be employed by Defendant as Client Associates within three years from the commencement of this action who have not been paid straight time for all hours worked and overtime compensation, at one-and-one-half times the regular rate of pay, for all work performed in excess of forty hours per week.

36.     The Complaint may be brought and maintained as an "opt-in" collective action pursuant to Section 16 of the FLSA, 29 U.S.C. §216(b), for all claims asserted by the Plaintiff because the claims of Plaintiff are similar to the claims of the proposed members of the FLSA representative action.

37.     Plaintiff and the proposed members of the FLSA representative action are similarly situated, have substantially similar job requirements and pay provisions, and are subject to Defendant's common practice, policy, or plan of refusing to pay straight time and overtime in violation of the FLSA.

38.     The names and addresses of the putative members of the representative action are available from Defendant.   To the extent required by law, notice will be provided to such individuals via First Class mail and/or by the use of techniques and a form of notice similar to those customarily used in representative actions.

39.     At all relevant times, Defendant has been, and continues to be, an "employer" within the meaning of the FLSA, 29 U.S.C. §203.

40.     At all relevant times, Defendant has employed, and/or continues to employ "employees," including each of the putative members of the FLSA representative action.

41.     At all times relevant herein, Defendant had gross operating revenues in excess of $500,000.00.

42.     The FLSA requires each covered employer, such as the Defendant, to compensate all non-exempt employees straight time for all hours worked and overtime compensation, at a rate of not less than one-and-one-half the regular rate of pay, for work performed in excess of forty hours in a work week.

43.     Plaintiff and the proposed members of the FLSA representative action are not exempt from the right to receive overtime pay under the FLSA and are not exempt from the requirement that their employer pay them overtime compensation under the FLSA.

44.     Plaintiff and the proposed members of the FLSA representative action are entitled to overtime compensation for all overtime hours worked under the FLSA.

45.     At all relevant times, Defendant has had a policy and practice of failing and refusing to pay its Client Associates straight time for all hours worked and overtime pay at a rate of not less than one-and-one-half the regular rate of pay for work performed in excess of forty hours in a work week.

46.     Defendant's failure to compensate Plaintiff and the proposed members of the FLSA representative action straight time for all hours worked and overtime compensation at a rate of not less than one-and-one half times the regular rate of pay for work performed in excess of forty hours in a work week constitutes a violation of the FLSA, 29 U.S.C §§201, *et seq.*, including 29 U.S.C. §207(a)(1).

47.     Defendant's violation of the FLSA is continual in nature; in that Defendant continues to pay its Client Associates under the same unlawful policies and procedures that are set forth in detail herein.

48.     The foregoing conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

49.     Plaintiff, on behalf of herself and all others similarly situated, seeks damages in the amount of all respective unpaid straight time and overtime compensation at a rate of one-and-one half times the regular rate of pay for work performed in excess of forty hours in a work week, plus liquidated damages, recovery of all attorneys' fees, costs, and expenses incurred in this action, to be paid as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on her own behalf and on behalf of all others similarly situated, prays for judgment as follows:

A.     Designation of this action as a collective action on behalf or herself and all proposed putative members of the FLSA representative action and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents To Sue pursuant to U.S.C. § 216(b); and

B.     Designation of Plaintiff Michelle Lindsay as a Representative Plaintiff of proposed putative members of the FLSA representative action; and

C.     An award of damages of regular and overtime compensation due for the Plaintiff and the proposed members of the FLSA representative action; and

D.     An award of liquidated damages, to be paid by Defendant; and

E.     Pre-Judgment and Post-Judgment interest, as provided by law; and

F.     Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees; and

G.     Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

H.     Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which Plaintiff and all members of the proposed representative action have a right to jury trial.

Respectfully submitted,

BLITZ, BARDGETT & DEUTSCH, L.C.

By: _____

Robert D. Blitz, #24387MO
Christopher O. Bauman, #52480MO
120 South Central Ave., Suite 1650
St. Louis, Missouri 63105
(314) 863-1500
(314) 863-1877 (facsimile)

EMGE & ASSOCIATES
Derek J. Emge
525 B Street, Suite 760
San Diego, California 92101
(619) 595-1400
(619) 595-1480 (facsimile)

STANLEY • IOLA, LLP
Matthew J. Zevin
525 B Street, Suite 760
San Diego, California  92101
(619) 235-5306
(815) 377-8419 (facsimile)

Attorneys for Plaintiff and All Others
Similarly Situated