UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MICHELLE R. LINDSAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 4:12CV0577 JAR |
| | ) | |
| WELLS FARGO ADVISORS, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Combined Motion to Conditionally Certify Class, Order Disclosure of Putative Class Members' Names and Contact Information, and to Facilitate Class Notice ("Motion") (ECF No. 28) and Defendant Wells Fargo Advisors, LLC's (1) Objections to Plaintiff's Declarations in Support of her Motion to Conditionally Certify Class and (2) to Strike Such Declarations (ECF No. 35). These motions are fully briefed and ready for disposition.

## BACKGROUND

Plaintiff Michelle Lindsay ("Plaintiff") filed a Complaint on March 29, 2012, alleging claims for Violation of the Fair Labor Standards Act of 1938 (Count I). (Complaint ("Compl."), ECF No. 1). Plaintiff purports to bring this putative collective action on behalf of a class of client associates who worked for defendant Wells Fargo Advisors, LLC ("Wells Fargo"). Plaintiff alleges that client advisors, who are non-exempt employees, are required to report an 8 hour day on their time cards, even though they regularly work beyond 8 hours a day. (Compl., ¶2). Plaintiff claims that it is Wells Fargo's "practice and policy to willfully fail and refuse to properly pay all straight time and overtime compensation due and owing to its Client Associates, in direct violation of the Fair Labor Standards Act ('FLSA'), 29 U.S.C. §201, et seq." (Compl., ¶3).

## DISCUSSION

I.      **Motion for Conditional Class Certification**

On September 25, 2012, Plaintiff filed the instant Motion for Conditional Class Certification. (ECF No. 28).  Plaintiff identifies the putative class as "current and former, unlicensed Client Associates of Wells Fargo who have worked at any time since" three years before the date of the order."  (ECF No. 29-5).  As such, Plaintiff is asking for the certification of a nation-wide class.

Wells Fargo opposes class certification.  Wells Fargo claims that conditional class certification is improper because Plaintiff has not demonstrated a common, nationwide policy.

Section 7 of the FLSA mandates that an employer may not subject non-exempt employees to a work week in excess of forty hours, unless the employee is compensated for his or her overtime with additional pay of at least one and one-half times his or her regular hourly wage.  29 U.S.C. § 207.  A collective action under the FLSA to recover overtime compensation and liquidated damages may be maintained, "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."  29 U.S.C. § 216(b).  Unlike a Rule 23 class action, a collective action under the FLSA is pursued on an opt-in basis, requiring employees to provide their consent in writing to join the action.  29 U.S.C. § 216(b); Ford v. Townsends of Arkansas, Inc., No. 4:08cv509, 2010 U.S. Dist. LEXIS 46093, at *8 (E.D. Ark. Apr. 9, 2010).

District courts within the Eighth Circuit conduct a two-step analysis to determine whether employees are "similarly situated."  Beasley v. GC Services LP, 270 F.R.D. 442, 444 (E.D. Mo. 2010); Littlefield v. Dealer Warranty Services, LLC, 679 F.Supp.2d 1014, 1016 (E.D. Mo. 2010); Ford, 2010 U.S. Dist. Lexis 46093, at *8.  "Under this two-step process, the plaintiff first moves for class certification for notice purposes."  Dernovish v. AT&T Operations, Inc., No. 09-0015, 2010 U.S. Dist. LEXIS 2127, at *3 (W.D. Mo. Jan. 12, 2010)(internal quotations and citation omitted).  "The plaintiff's motion for certification is typically filed at an early stage of the litigation thus

- 2 -

requiring a lenient evaluation standard and typically resulting in conditional certification of a representative class." Kautsch v. Premier Communications, 504 F.Supp.2d 685, 688 (W.D. Mo. 2007) (citations omitted). The Court does not reach the merits of the plaintiff's claims at this early stage of litigation. Id. If the Court conditionally certifies the class, the potential class members are given notice and the opportunity to opt-in. Dernovish, 2010 U.S. Dist. LEXIS 2127, at *3.

The second step of the process occurs when the defendant moves to decertify the class. Ford, 2010 U.S. Dist. Lexis 46093, at *9; Beasley, 270 F.R.D. at 444; Dernovish, 2010 U.S. Dist. LEXIS 2127, at *3. This typically is done after the close of discovery, when the Court has much more information and is able to make a more informed decision. Id. "At that time, applying a stricter standard, the court makes a factual determination on the similarly situated question." Garner v. Regis Corp., No. 03-5037, 2004 U.S. Dist. LEXIS 29167, at *6 (W.D. Mo. Aug. 5, 2004)(citation omitted). "Courts will consider three factors at the second stage: (1) the employment and factual settings of the plaintiffs; (2) the various defenses available to the defendants; and (3) considerations of fairness, procedure, and manageability." Ford, 2010 U.S. Dist. LEXIS, at *9 (internal quotation omitted). "If the claims are not similarly situated, the Court decertifies that class and the opt-in plaintiffs are dismissed without prejudice." Garner, 2004 U.S. Dist. LEXIS 29167, at *6 (citation omitted).

For the first step of the process, the FLSA does not define the term "similarly situated." Kautsch, 504 F.Supp.2d at 689; Garner, 2004 U.S. Dist. LEXIS 29167, at *5. Courts agree that a plaintiff's burden at the first stage of the process is not onerous, however, and "plaintiffs can meet this burden by making a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." Kautsch, 504 F.Supp.2d at 689 (citations omitted); see also Ford, 2010 U.S. Dist. LEXIS 46093, at *8 ("A class is similarly situated at this stage if plaintiffs make a modest factual showing, based upon the

pleadings and affidavits, that the proposed class members were victims of a single decision, policy, or plan."); Dernovish, 2010 U.S. Dist. LEXIS 2127, *3-4 ("There is no need to show that the would-be members of the class are actually similarly situated or that they are identical, but the plaintiff must present some evidence to demonstrate the class members are similar in important respects and are subjected to similar policies or circumstances.").  A plaintiff may meet this burden by "detailed allegations supported by affidavits."  Kautsch, 504 F.Supp.2d at 689 (citation omitted).

Upon consideration and as discussed herein, the Court finds that, given the lenient notice standard, Plaintiff has met her burden to show conditional certification is proper.  Kautsch, 504 F.Supp.2d at 690.  Based upon the affidavits and as discussed herein, Plaintiff has established the existence of a common, nationwide policy that violates the FLSA.  Wells Fargo's purported policy requires non-exempt employees to report only an 8 hour workday, even if they worked overtime.  Plaintiff specifically alleges that she, and other similarly situated employees, were denied compensation as a result of this illegal policy.  Cf. Wacker v. Pers. Touch Home Care, Inc., 4:08CV93 CDP, 2008 WL 4838146, at *3-4 (E.D. Mo. Nov. 6, 2008)(denying conditional class certification where the plaintiffs failed to testify that they personally were denied compensation or provide any competent evidence of a company-wide policy).

A.      Existence of a Common, Nationwide Policy

In support of the Motion for Conditional Class Certification, Plaintiff provides her affidavit and the affidavits of three Wells Fargo employees from other offices.[1] Two of the affidavits are from employees who worked for Wells Fargo within 3 years of the date of this Order.  Plaintiff was employed in the Dallas, Texas office from June 2, 2008 until April 10, 2010.  (ECF No. 29-1, ¶1).  In Plaintiff's affidavit, she states that she "was instructed not to include any time on [her] timesheet

---

[1]Plaintiff provides two affidavits from one affiant, Susan Meyers.  See ECF Nos. 29-4, 54-1.

in excess of eight hours a day and that if [she] included any overtime on [her] time records, [she] would be fired." (ECF No. 29-1, ¶9). She further states that "[t]here were approximately five other client associates in [her] office and [she] was aware that they too were required to work past their scheduled work shifts. [She] understood that they too were unpaid for such work." (ECF No. 29-1, ¶10).

Likewise, Susan Meyers was employed as a client associate in the Knoxville, Tennessee branch between 2007 until August 1, 2011. (ECF No. 54-1, ¶¶1, 4). In Susan Meyers' affidavit, she states that her office's compliance officer, Joyce Sheddy, instructed her not to record overtime hours on her timesheets that were not pre-approved. (ECF No. 54-1, ¶¶6-7). Ms. Meyers claims that on occasions where she recorded unscheduled overtime on her timesheets, Ms. Sheddy returned Ms. Meyers' timesheets and had her remove the extra time. (ECF No. 54-1, ¶8). According to Ms. Meyers, Ms. Sheddy instructed that "Wells Fargo doesn't allow this, it is a company rule." (Id.). Ms. Meyers claims that the company policy of not paying for unscheduled overtime continued after Ms. Sheddy was replaced. (Id.).

Both Ms. Lindsay and Ms. Meyers testified that as a result of Wells Fargo's policy, they did not report all of the hours that they worked. (ECF Nos. 29-1, ¶5; 54-1, ¶9).

Plaintiff also provides the declarations of two other former Wells Fargo employees, Eran Samocha and Rebecca Roberts. Although the individual claims of Mr. Samocha and Ms. Roberts are untimely, their affidavits are relevant to Plaintiff's claim that Wells Fargo had a nationwide policy not to pay overtime. Mr. Samocha worked as a client associate in the Austin, Texas Wells Fargo branch from January 2009 until January 2010. (ECF No. 29-3, ¶¶2-3). Mr. Samocha states that he was told by his supervisors not to record any overtime and, therefore, he was not paid for all the hours he worked. (Id., ¶6). Mr. Samocha asserts that he observed other client associates work overtime who were not paid for doing so. (Id., ¶7).

- 5 -

Ms. Roberts was a client associate at the Oklahoma City, Oklahoma Wells Fargo office from September 2005 until August 2009. (ECF No. 29-4, ¶¶2-4). Ms. Roberts claims that she worked overtime and was not paid for her post-shift hours, and she observed other client associates working past their shifts who were also unpaid for those hours. (Id., ¶5). She states that she was told it was company policy not to pay overtime compensation to client associates.

In response, Wells Fargo contends that Plaintiff has not demonstrated the existence of a common, nationwide policy. Wells Fargo asserts that Plaintiff and the other affiants do not have any personal knowledge regarding what other employees were told, particularly at other branches. (Defendant Wells Fargo Advisors, LLC's Memorandum of Points and Authorities in Opposition to Plaintiff's Combined Motion to Conditionally Certify the Class, Order Disclosure of Putative Class Members' Names and Contact Information and to Facilitate Class Notice ("Response"), ECF No. 35, p. 20-21). In fact, Wells Fargo submitted affidavits from other client associates who confirmed that they were always instructed and compensated consistent with Wells Fargo's formal policy. (Id.).

Indeed, Wells Fargo notes that the undisputed evidence is that the written policy is that all work time should be recorded and paid. (Id., pp. 21-22). Wells Fargo contends that Plaintiff offers no evidence that Wells Fargo implemented a "secret national plot" across the country to contravene its actual, written policy. (Id., p. 23). Wells Fargo states that the declarations do not support a "company policy" and vary in the scope of the purported policy. (Id., pp. 24-25). Wells Fargo asserts that only the affidavits of Ms. Meyers and Ms. Roberts reference a "company policy," and Ms. Roberts' affidavit fails to identify who told her of the policy. (Id.).[2] Wells Fargo contends that

---

[2]Wells Fargo also asserted that Ms. Meyers did not identify the source of her nationwide policy claim, but Ms. Meyers' supplemental affidavit provides the identity of the person who allegedly told her not to record her time.

the affidavits allege, at most, that a few branches have indiscretions from the national, written policy. (Id., pp. 25-26). Wells Fargo contends that this is insufficient to certify a nationwide class.

Finally, Wells Fargo emphasizes several orders denying conditional class certification of a national off-the-clock class, particularly those involving Wells Fargo. (Response, pp. 8, 26-29).

The Court holds that Plaintiff has provided a sufficient basis for finding that a common, unlawful decision, policy, or plan existed during the relevant time period. As stated, "plaintiffs must establish a colorable basis for their claim that the class members were the victims of a single decision, policy, or plan." Wacker, 2008 WL 4838146, at *2. Plaintiff has provided the affidavits of four client associates in different states who all experienced the common policy regarding payment of overtime.

The Court finds that the majority of Wells Fargo's objections relate to the affiants' credibility, which is improper at this juncture. See Arnold v. DirecTv, Inc., No. 4:10-CV-352-JAR, 2012 U.S. Dist. LEXIS 140777, at *8 (E.D. Mo. Sept. 28, 2012)("The Court will not make any credibility determinations or findings of fact with respect to contradictory evidence presented by the parties at this initial stage."). Wells Fargo repeatedly questions the credibility of the affiants' statements. See, e.g., Response, pp. 8 ("Plaintiff's own testimony, even if fully credited..."), 11 ("even if Ms. Roberts' time-barred allegations are credited at this stage..."), 12 ("even if Mr. Samocha's allegations about his own work are entirely credited..."), 14 ("even if Ms. Meyers' claims about her own work are credited..."). Although Wells Fargo asks the Court to discount the affiants averments based upon the fact that they are not credible, such a finding is not possible at the conditional class certification stage.

Moreover, the Court finds sufficient indicia of an unlawful nationwide policy based upon the affidavits, particularly given the low burden at this early stage of the proceedings. Wells Fargo indicates that such issues were "highly individualized ... and hardly the product of some widespread

mandate to subvert the company's actual, nationwide policy." (Response, p. 12). As the Court noted during oral argument on the Motion for Conditional Class Certification, at some point the number of individual claims indicates a pattern or a common policy rather than mere outliers. The Court finds that the affidavits provide a colorable basis for Plaintiff's claim that the class members were the victims of a single decision, policy, or plan. Although the affiants are from offices throughout the country, they all describe a common company policy to refuse to pay overtime compensation. All of the affidavits indicate that the affiants were instructed not to report overtime, as it was against company policy. Likewise, all of the affiants state that they were not properly compensated as a result of this company policy. Based upon the foregoing, the Court grants Plaintiff's Motion for Conditional Class Certification of the class of Wells Fargo client associates who have worked at any time for the period of three (3) years from the date of this Order.[3]

### B.    Proposed Notice

Wells Fargo asserts, without any discussion, that Plaintiff's proposed notice is "flawed." (Response, p. 29). The Court will allow Wells Fargo an opportunity to brief any issues regarding the proposed notice.

## II.    Motion to Strike

Wells Fargo moves to strike several allegations in the affidavits in support of Plaintiff's Motion for Conditional Class Certification. Primarily, Wells Fargo takes issue with the admissibility of several statements. Wells Fargo claims that several statements based in hearsay must be stricken and cannot be used to support Plaintiff's Motion for Conditional Class Certification. (Motion to Strike, *passim* (citing Jost v. Commonwealth Land Title Ins. Co., 4:08CV734CDP, 2009 WL

---

[3]The Court certifies a class that extends three years from the date of this Order. Of course, this is an interlocutory order and the time frame may change, depending upon Wells Fargo's argument regarding willfulness and the proposed notice.

211943, at *3 (E.D. Mo. Jan. 27, 2009)("Affidavits and other testimony must be based on admissible evidence.")).   In support of this proposition, the Jost case cites an Eighth Circuit case stating that inadmissible evidence cannot be used to defeat summary judgment Shaver v. Indep. Stave Co., 350 F.3d 716, 723 (8th Cir.2003) and another district court case providing that affidavits in support of a motion for class certification should not be held to a lesser standard when they are submitted for purposes other than summary judgment. Sjoblom v. Charter Communications, LLC, 3:07-CV-0451-BBC, 2007 WL 4560541 (W.D. Wis. Dec. 19, 2007) amended on reconsideration, 3:07-CV-0451-BBC, 2008 WL 4547526 (W.D. Wis. Jan. 2, 2008).

Since the Jost decision, however, the Eighth Circuit differentiated the standard at summary judgment from the class certification stage.  In re Zurn Pex Plumbing Products Liab. Litig., 644 F.3d 604, 613 (8th Cir. 2011).  The Zurn court noted that district courts can only rely on admissible evidence at the summary judgment stage because summary judgment ends the case without a trial. Id.  In contrast, "a court's inquiry on a motion for class certification is 'tentative,' 'preliminary,' and 'limited.'" Id. (citations omitted).[4]  The Eighth Circuit discerned that "[b]ecause a decision to certify a class is far from a conclusive judgment on the merits of the case, it is 'of necessity ... not accompanied by the traditional rules and procedure applicable to civil trials.'" Zurn, 644 F.3d at 613-14 (quoting Eisen v. Carlisle &  Jacquelin, 417 U.S. 156, 178, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974)).

Based upon the reasoning in Zurn, the Court finds that it can consider the affidavits in support of Plaintiff's Motion for Conditional Class Certification even if the statements in the affidavits would not be admissible at trial.

---

[4]Although Zurn related to a Rule 23 class certification action, these statements are particularly true of a conditional class certification of an FLSA action.  A conditional class certification is by its very nature "conditional" and subject to revision by a decertification motion that often follows.

Furthermore, the Court finds that Wells Fargo's formal evidentiary objections regarding hearsay and lack of foundation do not provide a basis for striking statements in the declarations. "While it is true that the declarations at issue do contain a few inadmissible hearsay statements, and do not provide all of the detail that Defendant desires, for the most part the declarations provide a sufficient evidentiary foundation for the statements made." Davenport v. Charter Communications, LLC, 4:12CV00007AGF, 2012 WL 3563974, at *1 (E.D. Mo. Aug. 17, 2012). "Employees can testify to the working practices of others that they observe." Id. The affiants can testify regarding what they observed of other employees and what they were told. Although these statements may prove to be incredible or contradicted by other employees, that is not a basis for exclusion at this stage of the litigation.

Finally, Wells Fargo objects to several statements in Ms. Lindsay's declaration that it claims conflict with subsequent statements she made in her deposition. Wells Fargo claims that Ms. Lindsay cannot contradict her own sworn deposition testimony through a conflicting declaration. Motion to Strike, pp. 2-4 (citing Popoalii v. Corr. Med. Services, 512 F.3d 488, 498-99 (8th Cir. 2008); Plymouth Foam Products, Inc. v. City of Becker, Minn., 120 F.3d 153, 155 (8th Cir. 1997)).

The cases cited by Wells Fargo, however, stand for the proposition that "a court is required to consider an otherwise admissible affidavit, unless that affidavit contradicts previous deposition testimony." Popoalii, 512 F.3d at 498; see also Plymouth Foam Products, Inc., 120 F.3d at 155 (noting that where a subsequent affidavit conflicts with earlier deposition testimony, the affidavit testimony should be disregarded). As noted by Plaintiff, as Plaintiff's declaration preceded Plaintiff's deposition, there is no basis to strike her declaration. (ECF No. 39, p. 4).

Moreover, the Court does not believe that most of Plaintiff's statements in her declaration actually contradict her deposition testimony. For example, Plaintiff stated in her declaration that the five other client associates were required to work unpaid overtime. Wells Fargo claims that this

- 10 -

conflicts with Plaintiff's testimony that the other client associates worked flexible schedules and "came and went." (Motion to Strike, p. 3). The Court does not believe that these statements are inherently contradictory as Plaintiff could have some knowledge that client associates worked unpaid overtime, even though they may have flexible schedules. Likewise, Plaintiff's statements that she had to work through lunch are not directly contradicted by her deposition testimony that she normally received a lunch break. (Motion to Strike, pp. 2-3). As noted by Plaintiff, such events could have occurred on different days. (ECF No. 39, p. 5).

Based upon the foregoing, the Court denies Wells Fargo's Motion to Strike.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Combined Motion to Conditionally Certify Class, Order Disclosure of Putative Class Members' Names and Contact Information, and to Facilitate Class Notice [28] is **GRANTED**, and the Court conditionally certifies a class of all current and former, unlicensed client associates of Wells Fargo who have worked at any time for the period of three (3) years from the date of this Order.

**IT IS FURTHER ORDERED** that Plaintiff Michelle R. Lindsay conditionally is authorized to act as class representative.

**IT IS FURTHER ORDERED** that Blitz, Bardgett & Deutsch, L.C., Emge & Associates, and Stanley Iola, LLP are authorized to act as class counsel.

**IT IS FURTHER ORDERED** that Wells Fargo is granted until **March 21, 2013**, within which to make any written objections to Plaintiff's amended proposed Notice of Lawsuit.

**IT IS FURTHER ORDERED** that Wells Fargo shall provide Plaintiff's attorneys with the names and current or last known mailing addresses of all employees who may be potential plaintiffs in this suit on or before **March 28, 2013**.

**IT IS FURTHER ORDERED** that Defendant Wells Fargo Advisors, LLC's (1) Objections to Plaintiff's Declarations in Support of her Motion to Conditionally Certify Class and (2) to Strike Such Declarations [35] is **DENIED**.

Dated this 11th day of March, 2013.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE